Dear Chief Buell:
You advise this office that you serve as the elected chief of police for the City of Mandeville and as chairman of the St. Tammany Parish Communications District (911 Board) Board. You advise that the majority of the board members are public employees.
Your first question concerns the legality of a public employee serving simultaneously as a board member. Our response to this question is that the law does not prohibit a person holding a full-time local employment from also holding a part-time appointive office within a political subdivision of the state. See our state Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq.
You further advise that the board has voted to pay its members $100.00 per meeting. You inquire as to the legality of such action.
The provisions of R.S. 33:9103 set forth the powers of the board of commissioners of a communications district. The statute is silent with respect to a specific per diem allowed board members. Since there is no statutory authority allowing the communications board to vote themselves a per diem, it is our opinion that such an action by the board is in violation of Article VII Section 14 of the Louisiana Constitution concerning the prohibition against the donation of public funds. However, note that board members may be reimbursed actual travel expenses which are incurred in the performance of their duties.
Despite our foregoing conclusion, we do find that the police jury may establish a per diem for these board members. The communications district is a creature of the police jury pursuant to R.S. 33:9101. This office has previously determined that "under the authority of the police jury to create a commission and finding no prohibition, they could provide for a per diem for the members of the commission they appoint". See Attorney General Opinion 95-72.[1]
Finally, there is no statutory restriction on the number of meetings for which a member could receive meeting fees; however, the fee must be a reasonable one in the determination of the police jury.
Should you have further questions, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] In contrast, note that R.S. 33:9103 (3) and (4) specifically disallow a per diem to both the Evangeline Parish Communications District and the Ouachita Parish Communications District.
*1 OPINION NUMBER 95-72
April 21, 1995
Political Subdivisions — Officers, Agents, Employees R.S. 33:9103
A member appointed to the Board of a communication District would be entitled to be a per diem if provided by the police jury creating the commission.
Rodney N. Erdey, Esq. Assistant District Attorney Twenty-First Judicial District P.O. Box 337 Livingston, LA 70754